**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4286

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL L. STEVENS,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-03-892)

Submitted:  November 28, 2005          Decided:  January 6, 2006

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant.  J. Strom Thurmond, Jr., United States Attorney,
Rhett DeHart, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael L. Stevens pled guilty, pursuant to a written plea agreement, to distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (2000). He was sentenced to 130 months of imprisonment. Citing <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), the predecessor to <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), Stevens contends that his Sixth Amendment right to a jury trial was violated because he was sentenced on facts found by the court and not by the jury, and that the district court erred in applying enhancements under <u>U.S. Sentencing Guidelines Manual</u> § 2G2.2(b)(2)(B) and § 2G2.2(b)(3) (2002). For the reasons that follow, we affirm Stevens' conviction, but vacate his sentence and remand for resentencing.

Stevens did not raise a Sixth Amendment challenge to the Guidelines below; we therefore review for plain error. <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Stevens must establish that error occurred, that it was plain, and that it affected his substantial rights. <u>Id.</u> at 547-48. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public

reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory Guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the Guidelines, thus making the Guidelines advisory. Id. at 756-57. Subsequently, in Hughes, this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury or admitted by the defendant, constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker. Hughes, 401 F.3d at 546-56.

Here, Stevens maintains that he did not admit to the facts underlying the district court's five-level enhancement under USSG § 2G2.2(b)(2)(B) (offense involved distribution for the receipt or expectation of receipt of a thing of value, but not for pecuniary gain) and four-level enhancement under USSG § 2G2.2(b)(3) (offense involved material that portrays sadistic or masochistic conduct). Therefore, he argues that the enhancements, found by a preponderance of the evidence, violated his Sixth Amendment rights. Because Stevens' 130-month sentence exceeds the maximum authorized

by the facts he admitted, we conclude that the district court committed plain error in sentencing Stevens and that the error requires resentencing. Id. at 547.[1]

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for imposing a non-Guidelines sentence, as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id.

Based on the foregoing, we affirm Stevens' conviction and vacate his sentence and remand for resentencing.[2] We dispense with oral argument because the facts and legal contentions are

---

[1]As we noted in Hughes, "We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Stevens' sentencing. Hughes, 401 F.3d at 545 n.4.

[2]Because we vacate Stevens' sentence, it is unnecessary for us to reach Stevens' challenges to his Guidelines calculation. Hughes, 401 F.3d at 556 n.15.

- 4 -

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED